## HAYES *v.* BOCKEL.[*]

(*Circuit Court, S. D. New York.* February 27, 1882.)

LETTERS PATENT—VALIDITY OF—SKYLIGHTS.

    Reissues Nos. 8,597, 8,674, 8,675, and 8,688, granted to George Hayes for improvements in skylights, *held,* to be good and valid, and not void for want of novelty or failure to show patentable combinations.

In Equity.

*J. H. Whitelegge,* for plaintiff.

*J. H. Ketchen,* for defendant.

BLATCHFORD, C. J. This suit is brought on four patents, reissues Nos. 8,597, 8,674, 8,675, and 8,688, all granted to the plaintiff. The skylights which the plaintiff saw being made at the defendant's shop in the fall of 1879, were, he says, in all respects similar in construction and operation to the skylight he saw on the Garner building. This was after the reissues were granted, and before the suit was brought. The plaintiff describes the Garner structure. That

*Reported by S. Nelson White, Esq., of the New York bar.

structure contains what is covered by claims 1 and 2 of No. 8,597; by claims 8, 12, and 13 of No. 8,674; by claim 7 of No. 8,675; and by claims 1 and 2 of No. 8,688. The above are all the claims alleged in this case to have been infringed, except claim 4 of No. 8,688. That claim is found in the Pacific Bank structure. That was put on by the defendant in February, 1880, which was after the reissue and before the bill was filed. Such is the evidence. If those structures were not put on by the defendant, or were put on by him before the reissues, it was easy for him to have testified to that effect. It satisfactorily appears that all of the above-named claims have been infringed by the defendant.

The defendant adduces against claims 1 and 2 of No. 8,597 the patents to Shaw, Illingworth, Tomlinson, and Henricksen; against claims 8, 12, and 23 of No. 8,674, the patents to Richards, Dench, Weston, Harrison, and Curtis, Flinn, and Paxton; against claim 7 of No, 8,675, the patents to Cornell and Paxton; and against claims 1, 2, and 4 of No. 8,688, the patents to Weston, Dench, and Perks. The above-named are the patents urged in the brief of the counsel for the defendant. I have examined the testimony in regard to them particularly. I have also read all the testimony. My conclusion is that none of the above claims are shown to be void for want of novelty. I have also considered, in regard to No. 8,597, the objections as to claims 1 and 2, that there was not a sufficiency of invention, and that the description is too vague, and that the combinations are not patentable combinations, but only aggregations; in regard to No. 8,674, the objections as to claims 8, 12, and 13, that there was not a sufficiency of invention, and as to claims 12 and 13, that they show only a duplication of parts; in regard to No. 8,675, the objection as to claim 7, that there is not a sufficiency of invention; and in regard to No. 8,688, the objections as to claims 1 and 2, that there is not a sufficiency of invention, and as to claim 4, that there is not a patentable combination. The objections are none of them regarded as tenable. The infringing devices of the defendant which I have considered are those represented at the right hand of plaintiff's Exhibit No. 5, opposite claims 1 and 2 of No. 8,597; claims 8, 12, and 13 of No. 8,674; claim 7 of No. 8,675; and claims 1, 2, and 4 of No. 8,688. Those and all substantially like them must be regarded as infringing.

The usual decree will be entered for the plaintiff, with costs.